**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BLUE CROSS AND BLUE SHIELD OF
FLORIDA, INC. d/b/a FLORIDA
BLUE,

    Plaintiff,

v.                                                                                Case No.: 3:25-cv-00147-HES-MCR

HEALTHFUND SOLUTIONS, LLC, a
Florida limited liability company,

    Defendant.

_____/

## **FLORIDA BLUE'S MOTION TO REMAND**

Florida Blue's Amended Complaint contains only state-law claims. These claims are not preempted by ERISA, and they do not raise a substantial federal question. As a result, the Court lacks subject matter jurisdiction, and this case must be remanded.

Accordingly, under 28 U.S.C. § 1447, Florida Blue respectfully requests that the Court remand this case to the Fourth Judicial Circuit in and for Duval County, Florida and award Florida Blue its costs, expenses, and attorneys' fees incurred as a result of the removal.

**I.     Background**

On December 4, 2024, Florida Blue filed a six-count complaint against HFS in Florida state court. See Docs. 1-1, 1-3. Florida Blue's six causes of action—

tortious interference with contract, fraud, aiding and abetting fraud, negligent misrepresentation, civil conspiracy, and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")—all arise under Florida common law or statute. See Doc. 6. Florida Blue does not assert any claims under ERISA, the Patient Protection and Affordable Care Act ("ACA"), or any other federal statute. And none of Florida Blue's claims require proof of compliance with any federal statute.

The factual underpinning of Florida Blue's state-law claims is that HFS conspired with hospitals to fraudulently induce patients—most often *while* they were receiving treatment in a hospital—to sign them up for Florida Blue health insurance plans so that HFS could then receive a percentage of the reimbursement that Florida Blue paid for the patients' treatment. (Doc. 15 ¶¶ 6-10, 40-56). In some instances, patients would not even know they were enrolled in a Florida Blue plan or who had paid their premiums. Id. ¶ 54. HFS paid members' premiums as long as they remained hospitalized, while the co-conspirator hospitals waived the patients' cost-shares. Id. ¶¶ 61-71. Although paying patients' insurance premiums may seem charitable, the end goal is not: HFS specifically targeted patients based on return on investment, not need. Id. ¶¶ 42–51. And once the patients got better, HFS had no financial incentive to continue its assistance and ceased making payments.

On March 11, 2025, Florida Blue filed an amended complaint. (Doc. 15). To avoid the confusion that several contextual allegations created, Florida Blue

2

removed its references to group plans. Like the original complaint, the amended complaint contains only state-law causes of action.

## II. Standard of Review

A removing defendant has the burden of demonstrating that the Court has federal subject matter jurisdiction. *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). The existence of federal subject matter jurisdiction is determined from the face of a plaintiff's well-pleaded complaint. *Id.* "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." *Id.* (quoting *Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996)). "Because a federal question must appear on the face of the complaint, a federal defense alone will not support removal." *Gillespie v. Google LLC*, No. 5:24-CV-101-MMH-PRL, 2024 WL 1270493, at *2 (M.D. Fla. Mar. 26, 2024) (citing *Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997). "[I]n assessing whether a defendant has met this burden, 'all doubts about jurisdiction should be resolved in favor of remand to state court.'" *Gillespie*, 2024 WL 1270493, at *1 (quoting *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012)).

## III. Argument

"Because [Florida Blue's] complaint[] allege[s] only state law claims, there is no jurisdiction under the well-pleaded complaint rule." *Conn. State Dental Ass'n*, 591 F.3d at 1343. Thus, HFS asserts two separate arguments to claim that the Court has subject matter jurisdiction. *First*, HFS argues that some of Florida

3

Blue's claims are preempted by ERISA and, therefore, the Court has subject matter jurisdiction under the complete preemption exception to the well-pleaded complaint rule. *Second*, HFS contends that some of Florida Blue's claims "necessarily raise a substantial federal question." (Doc. 1 at 5). HFS is mistaken on both arguments. ERISA does not preempt any of Florida Blue's claims and none of Florida Blue's claims raise a substantial federal question. As such, this case should be remanded.

### A. The Court lacks subject matter jurisdiction because Florida Blue's claims are not preempted by ERISA.

HFS's first basis for removal is complete preemption under ERISA. "Complete preemption is a narrow exception to the well-pleaded complaint rule and exists where the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law claim into a statutory federal claim." *Conn. State Dental Ass'n*, 591 F.3d at 1343 (citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393 (1987)). HFS's assertion that certain claims were preempted by ERISA was based on Florida Blue's reference to group plans in the original complaint. Florida Blue's amended complaint removed such references—and to be clear, Florida Blue is not seeking relief on behalf of any plans governed by ERISA. Because there are no claims involving ERISA-governed plans, ERISA does not and cannot preempt any of Florida Blue's claims.

### B. HFS's purported defense is insufficient to confer subject matter jurisdiction.

HFS also contends that the Court has jurisdiction because—according to HFS—Florida Blue's claims "raise a substantial federal question arising under the Patient Protection and Affordable Care Act . . . and its implementing regulations." (Doc. 1 at 5). HFS is incorrect. First, Florida Blue's amended complaint—and its original complaint—never mentions the ACA. Second, HFS's fabricated "federal question" is, at best, a defense that it intends to raise. Accordingly, the Court lacks jurisdiction and this case must be remanded.

A civil action arises under federal law, for purposes of 28 U.S.C. § 1331, in two circumstances. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016). "Most directly, and most often, federal jurisdiction attaches when federal law creates the cause of action asserted." *Id*. "But even when 'a claim finds its origins' in state law, there is 'a special and small category of cases in which arising under jurisdiction still lies.'" *Id*. (quoting *Gunn v. Minton,* 568 U.S. 251, 258 (2013)). In this "slim category" of cases, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

To determine whether a case fits in this "small and special category," "the determination of jurisdiction is based only on the allegations in the plaintiff's 'well-pleaded complaint'—not on any issue the defendant may raise." *Royal Canin*

5

*U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9–10 (1983)). "That longstanding rule makes the complaint—the plaintiff's own claims and allegations—the key to 'arising under' jurisdiction. If the complaint presents no federal question, a federal court may not hear the suit." *Id.* (holding that amending a complaint after removal to eliminate federal question jurisdiction deprives the district court of subject matter jurisdiction). To that end, "it is established law that '[a] defense that raises a federal question is inadequate to confer federal jurisdiction.'" *Schleider v. GVDB Operations, LLC*, 121 F.4th 149, 167 (11th Cir. 2024) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). "Indeed, 'it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.'" *Id.* (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

HFS contends that the substantial federal question at issue in Florida Blue's complaint is whether "federal law require[s] or permit[s] a health insurance issuer like Florida Blue to deny coverage to an individual based on his or her sources of income?" (Doc. 1 ¶ 18.) But neither this question—nor any other federal question—is presented anywhere in Florida Blue's complaint. The amended complaint contains no reference to the ACA or any other federal law. Indeed, the original complaint did not contain any such references, either. While the original complaint

6

explained, for the purpose of offering context to Florida Blue's contract terms, that the Department of Health and Human Services had *recommended* that insurers include provisions in their plans prohibiting payments from financially interested third parties, Florida Blue's claims are not and have never been reliant on an interpretation of federal law. As such, this case does not "arise under" federal law. *See Holman v. Knollwood Nursing Home, LLC*, No. 21-14494, 2025 WL 66187, at *3 (11th Cir. Jan. 10, 2025) ("For [substantial federal question jurisdiction] to apply, 'the alleged federal issue' must still appear 'on the face of the complaint'; it is not enough that a defendant seeks to raise a federal defense." (quoting *Schleider*, 121 F.4th at 167)).

But even if the complaint had mentioned federal law, that would not change that federal law is wholly irrelevant to Florida Blue's state-law claims: Under Florida law, whether a contractual provision is unenforceable is irrelevant to a tortious interference claim. *See, e.g.*, *Border Collie Rescue, Inc. v. Ryan*, 418 F. Supp. 2d 1330, 1344 (M.D. Fla. 2006) ("[A] claim for tortious interference can lie even if the contract forming the basis of the relationship is void and unenforceable." (citing *United Yacht Brokers, Inc. v. Gillespie,* 377 So.2d 668, 672 (Fla. 1979))); *Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, 485 F.3d 1233, 1243 (11th Cir. 2007) ("[U]nder Florida law, a plaintiff can maintain a cause of action against a third party for tortious interference in a contract even though he might not be able to enforce the underlying contract."). Thus, even if federal law prohibited Florida Blue from including a provision prohibiting premium payments

7

from financially interested third-parties in its member contracts,[1] that would not bear on the merits of Florida Blue's tortious interference claim.

Furthermore, none of Florida Blue's other claims require an analysis of whether "federal law require[s] or permit[s] a health insurance issuer like Florida Blue to deny coverage to an individual based on his or her sources of income[.]" (Doc. 1 at 7). Florida Blue's fraud claims allege that HFS facilitated its co-conspirators' submissions of "inaccurate, misleading, and false claims to Florida Blue." (Doc. 15 ¶ 86). Those misrepresentations do not depend on federal law. And Florida Blue's FDUTPA claim alleges that HFS violated several (state) statutes and engaged in unfair and deceptive conduct by facilitating false and fraudulent insurance claims, patient brokering, and illegal fee-splitting. *Id.* ¶ 127-36. Contrary to HFS's strained argument, a determination of these claims requires no assessment of the ACA or any other federal law.

Indeed, the arguments raised in HFS's Motion to Dismiss underscore why HFS's tortured reading of the ACA does not confer subject matter jurisdiction on this Court. HFS claims that the ACA "conflict-preempts" Florida Blue's state-law claims. (Doc. 13 at 21). But it is well-settled that "[b]ecause conflict preemption is merely a defense, it is not a basis for removal." *Conn. State Dental Ass'n*, 591 F.3d at 1344 (citing *Gully v. First Nat'l Bank,* 299 U.S. 109, 115–16 (1936)).

---

[1] To be clear, HFS's assertion on this point is highly specious. *See* 45 C.F.R. § 156.1250 (outlining which third parties an insurer *must* accept premium payments from—a list that does not include, unsurprisingly, financially interested third-parties who are paid via unlawful fee splitting).

8

Because HFS provides no legitimate basis to keep this matter in federal court, this case should be remanded. The cases HFS cites in its Notice do not alter this conclusion. In *Turbeville v. Financial Industry Regulatory Authority*, 874 F.3d 1268, 1274 (11th Cir. 2017), the plaintiff's state-law claims "rest[ed] expressly on allegations that FINRA violated its own rules and exceeded its jurisdictional grant." As the Eleventh Circuit explained, "because those rules and regulations are promulgated according to the Exchange Act's mandates, their interpretation unavoidably involves answering federal questions." *Id.* at 1275. Contrary to HFS's manufactured affirmative ACA defense, Florida Blue's claims do not rest on any allegations—express or implied—that require interpretation of federal law.

In *Handy Land & Timber, LLLP v. Transcontinental Gas Pipe Line Co., LLC*, 762 F. App'x 810, 812 (11th Cir. 2019), Handy Land sued Transcontinental in state court for removing trees on Handy Land's property. *Id.* But Transcontinental had a certificate from the Federal Energy Regulatory Commission approving its construction of a pipeline and Transcontinental had applied for and was granted an injunction *in federal court* authorizing an easement to access Handy Land's property. *Id.* Thus, the Eleventh Circuit, in an unpublished decision, held that not only would "[a] court deciding Handy Land's claims '. . . necessarily interpret' the language of the federally-granted FERC Certificate" but also that "allowing a federal court to answer this question will ensure that a state court is not burdened with adjudicating damages claims that are already part of a pending federal condemnation action, avoiding the risk of inconsistent awards in state and federal

9

courts." *Id.* at 813. Here, there are no parallel federal court proceedings that could result in inconsistent judgments, and there are no federally granted documents that require interpretation. Accordingly, *Handy Land* does not provide authority for a federal court to exercise jurisdiction over Florida Blue's claims.

## IV. Conclusion

Because Florida Blue's amended complaint contains no federal question, the Court lacks jurisdiction. *See Wullschleger*, 604 U.S. at 26. Accordingly, Florida Blue respectfully requests that the Court remand this case to the Fourth Judicial Circuit in and for Duval County, Florida.

## LOCAL RULE 3.01(g) CERTIFICATION

I certify that counsel for Florida Blue conferred with counsel for HFS via telephone and email, and that HFS opposes the relief sought in this motion.

Dated: March 12, 2025                             Respectfully submitted,

                                                  */s/ Jared J. Burns*

                                                  **ROBINS KAPLAN LLP**

                                                  Jared J. Burns
                                                  Florida Bar No. 1003415
                                                  JBurns@robinskaplan.com
                                                  10151 Deerwood Park Blvd
                                                  Building 200, Suite 250
                                                  Jacksonville, FL 32256

                                                  Jeffrey S. Gleason (*pro hac vice*)
                                                  JGleason@robinskaplan.com
                                                  Jamie R. Kurtz (*pro hac vice*)
                                                  JKurtz@robinskaplan.com

                                            Erica D. Rosenbaum (*pro hac vice*)
                                            ERosenbaum@robinskaplan.com
                                            800 LaSalle Avenue, Suite 2800
                                            Minneapolis, MN 55402
                                            T: (612) 349-8500
                                            F: (612) 339-4181

                                            **ATTORNEYS FOR PLAINTIFF**