UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BLUE CROSS AND BLUE
SHIELD OF FLORIDA, INC.,

      **Plaintiff,**

v.                                    Case No.  3:25-cv-147 HES-MCR

HEALTHFUND SOLUTIONS,
LLC,

      **Defendant.**

_____/

## O R D E R

This cause comes before this Court on "Florida Blue's Motion to Remand" (Dkt. 17) and "Defendant's Response to Motion to Remand" (Dkt. 22).

## I.  Background

Blue Cross and Blue Shield of Florida, Inc. ("Florida Blue") alleges that HealthFund Solutions, LLC ("HFS") conspires with hospitals to circumvent the terms of its insurance policies. (Dkt. 15 ¶¶ 1-5). The alleged conspiracy works like this: HFS uses a predictive model to determine which hospital patients are most likely to need expensive treatments; HFS convinces those patients enroll in Florida Blue's health insurance by offering to pay their premiums; once the patients enroll, HFS pays their premiums from a large fund kept in a single bank account; the hospitals treat the patients, submit claims to Florida Blue,

and give HFS a percentage of the claim reimbursements. (*Id.* ¶¶ 5-9). Florida Blue alleges that this scheme violates a term in its insurance policies prohibiting third parties from paying its members' premiums in most cases ("Third-Party Payment Provision"). (*Id.* ¶ 4).

Florida Blue sued HFS in the Circuit Court for the Fourth Judicial Circuit in Duval County, Florida on December 4, 2024. (Dkt. 1-3 at 1). The Complaint asserted six causes of action, all arising under state law: (1) tortious interference with contract, (2) fraud, (3) aiding and abetting fraud, (4) negligent misrepresentation, (5) civil conspiracy, and (6) violation of the Florida Deceptive and Unfair Trade Practices Act. (Dkt. 1-1). Notably, the Complaint alleged that Florida Blue brought the case as the administrator for certain self-funded group plans. (*Id.* ¶ 20). It also alleged that it drafted the Third-Party Payment Provision in accordance with guidance from federal agencies, including the United States Department of Health and Human Services. (*Id.* ¶¶ 3-4, 32-33).

Florida Blue served HFS on January 11, 2025 and HFS removed the case to this Court about one month later. (Dkts. 1, 1-3 at 2). In its notice of removal, HFS argues that this Court has subject matter jurisdiction on two grounds. (*Id.* at 2-9). First, it claims that the Employee Retirement Income Security Act ("ERISA") completely preempts Florida Blue's state law claims because Florida Blue brought them as the administrator of certain employer-funded group

plans. (*Id.* at 2-5). Second, it argues that Florida Blue's state law claims raise a substantial federal question—whether the Third-Party Payment Provision violates the Patient Protection and Affordable Care Act ("ACA"). (*Id.* at 5-9).

HFS moved to dismiss the Complaint on March 3, 2025. (Dkt. 13). Florida Blue filed an Amended Complaint eight days later, mooting the motion to dismiss. (Dkts. 15, 18). The Amended Complaint asserts the same six causes of action as the first Complaint. (Dkt. 15). However, it removes all allegations about group plans and federal guidance. (*Id.*) Florida Blue moved to remand this case on March 12, 2015, arguing that the Amended Complaint removed any possible bases for federal jurisdiction. (Dkt. 17).

## II. Standard of Review

When a plaintiff sues in state court, a defendant may remove the action to a federal court with original jurisdiction within 30 days of being served. 28 U.S.C. §§ 1441(a), 1446(b)(1). There are two primary kinds of original jurisdiction—federal question and diversity of citizenship. 28 U.S.C. §§ 1331-32. A court has federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists where the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The removing defendant must show by a preponderance of the evidence that the federal court has original jurisdiction. *Conn. State Dental Ass'n v. Anthem Health Plans,*

*Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009); 28 U.S.C. §§ 1331-32. A plaintiff may move to remand a case for lack of jurisdiction within 30 days after removal. 28 U.S.C. § 1447(c).

## III.    Analysis

This Court will remand this case because the Amended Complaint does not contain a basis for federal subject matter jurisdiction. Florida Blue argues that that the Amended Complaint removes the allegations supporting HFS's first ground for removal—complete preemption under ERISA. (Dkt. 17 at 4). HFS does not contest that argument. (Dkt. 22). Therefore, it concedes that the first ground for jurisdiction in its notice of removal does not apply. *See Negreanu v. Starbucks Corp.*, No. 8:22-cv-2421, 2024 WL 810857, at *2 (M.D. Fla. Feb. 27, 2024) (collecting cases) (explaining that a party concedes an argument by failing to respond to it); *see also Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025) (explaining that a plaintiff may defeat federal jurisdiction by amending its complaint after the case has been removed).

HFS relies exclusively on its second ground for removal—the embedded-federal-question, or *Grable*, doctrine. (Dkt. 22). Under that doctrine, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by

4

Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005)). The substantial federal issue must appear on the face of the plaintiff's well-pleaded complaint. *Holman v. Knollwood Nursing Home, LLC*, No. 21-14494, 2025 WL 66187, at *3 (11th Cir. Jan. 10, 2025). Therefore, "it is not enough that a defendant seeks to raise a federal defense." *Id.*

This action falls outside the "slim category" of *Grable* cases. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 681 (2006). HFS argues that this case turns on a substantial federal question—whether the Third-Party Payment Provision violates the ACA and is therefore void. (Dkt. 23 at 2-3, 8-11). It contends that Florida Blue implicitly raised that question by alleging the provision was valid. (*Id.* at 2-3). But voidness is a defense, which cannot support federal question jurisdiction. *See Box v. PetroTel, Inc.*, 33 F.4th 195, 201 (5th Cir. 2022) (finding that the defendant could not invoke *Grable* by arguing that the contract at issue was void under federal securities law).[1] HFS argues that *Grable* applies because the court cannot award relief without ruling on its ACA argument. (Dkt. 23 at 8). Florida Blue disputes that proposition. (Dkt. 17 at 7). However, even if HFS is correct, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal

[1] *See also Shotts v. OP Winter Haven, Inc.*, 86 So. 3d 456, 464–65 (Fla. 2011) (holding that voidness is a "generally applicable contract defense[ ]. . . .")

5

defense . . . even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Therefore, this Court lacks jurisdiction under *Grable*.

Accordingly, it is **ORDERED** that:

1. "Florida Blue's Motion to Remand" (Dkt. 17) is **GRANTED**;

2. The Clerk is directed to remand the case to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court;

3. The Clerk is further directed to terminate all pending motions and deadlines and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this ___5th___ day of May, 2025.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:

Erica Dawn Rosenbaum, Esq.
Jamie R. Kurtz, Esq.
Jared Joseph Burns, Esq.
Jeffrey S. Gleason, Esq.
David Michael Blank, Esq.
Brian Stimson, Esq.
Christopher Michael Nigro, Esq.
Clerk of Court for Duval County, Florida